UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KINGVISION PAY-PER-VIEW CORP., LTD., <br><br> Plaintiff(s), <br><br> v. <br><br> BERNARD WILLIAMS, individually and dba AVENUE CLUB, <br><br> Defendant(s). | No. C 04-2504 BZ <br><br> **ORDER SCHEDULING JURY TRIAL AND PRETRIAL MATTERS** |

Following the Status Conference on August 8, 2005, **IT IS HEREBY ORDERED** that the Case Management Statement is adopted, except as expressly modified by this Order.  It is further **ORDERED** that:

1. <u>DATES</u>

Trial Date: Monday, 5/1/2006, four days, at **8:30 a.m.**

Pretrial Conference: Tuesday, 4/18/2006, at **4:00 p.m.**

Last Day to Hear Dispositive Motions: Wednesday, 2/15/2006

Last Day for Expert Discovery: Friday, 1/6/2006

Last Day for Expert Disclosure: Friday, 12/30/2005

1

1  Close of Non-expert Discovery: Friday, 12/23/2005

2  2.    DISCLOSURE AND DISCOVERY

3       The parties are reminded that a failure to voluntarily
4  disclose information pursuant to Federal Rule of Civil
5  Procedure 26(a) or to supplement disclosures or discovery
6  responses pursuant to Rule 26(e) may result in exclusionary
7  sanctions.  Thirty days prior to the close of non-expert
8  discovery, lead counsel for each party must serve and file a
9  certification that all supplementation has been completed.

10       In the event a discovery dispute arises, **lead counsel** for
11  each party must meet in person or, if counsel are outside the
12  Bay Area, by telephone and make a good faith effort to resolve
13  their dispute.  Exchanging letters or telephone messages about
14  the dispute is insufficient.  The Court does not read
15  subsequent positioning letters; parties must instead make a
16  contemporaneous record of their meeting using a tape recorder
17  or a court reporter.

18       In the event they cannot resolve their dispute, the
19  parties must participate in a telephone conference with the
20  Court **before** filing any discovery motions or other papers.
21  The party seeking discovery must request a conference in a
22  letter served on all parties not exceeding two pages (with no
23  attachments) which briefly explains the nature of the action
24  and the issues in dispute.  Other parties must reply in
25  similar fashion within two days of receiving the letter
26  requesting the conference.  The Court will contact the parties
27  to schedule the conference.
28  ///

3.   MOTIONS

Consult Civil Local Rules 7-1 through 7-5 and this Court's standing orders regarding motion practice.  Motions for **summary judgment** must be accompanied by a statement of the material facts not in dispute supported by citations to admissible evidence.  The parties must file a joint statement of undisputed facts where possible.  If the parties are unable to reach complete agreement after meeting and conferring, they must file a joint statement of the undisputed facts about which they do agree.  Any party may then file a separate statement of the additional facts that the party contends are undisputed.  A party who without substantial justification contends that a fact is in dispute is subject to sanctions.  A Chambers copy of all briefs must be submitted on a diskette formatted in WordPerfect 6.1, 8, 9 or 10 (Windows) or WordPerfect 5.1 (DOS).

4.   MEDIATION

By agreement of the parties, this matter has been referred for court-sponsored mediation to be conducted within sixty days, if possible.  The parties must promptly notify the Court whether the case is resolved at the mediation.

5.   SETTLEMENT

This case has been referred for assignment to a Magistrate Judge to conduct a settlement conference in January or February 2006, in the event the case is not resolved at the mediation.  Counsel will be contacted by that judge's chambers with a date and time for the conference.

///

1   6.    <u>PRETRIAL CONFERENCE</u>

2      Not less than thirty days prior to the date of the
3 pretrial conference, the parties must meet and take all steps
4 necessary to fulfill the requirements of this Order.

5      Not less than twenty days prior to the pretrial
6 conference, the parties must: (1) serve and file a joint
7 pretrial statement, containing the information listed in
8 **Attachment 1,** and a proposed pretrial order; (2) serve and
9 file trial briefs, motions <u>in limine</u> and statements
10 designating excerpts from discovery that will be offered at
11 trial (specifying the witness and page and line references);
12 (3) exchange exhibits, agree on and number a joint set of
13 exhibits and number separately those exhibits to which the
14 parties cannot agree; (4) deliver all marked trial exhibits
15 directly to the courtroom clerk, Ms. Scott; (5) deliver one
16 <u>extra</u> set of all marked exhibits directly to Chambers; and (6)
17 submit all exhibits in three-ring binders.  Each exhibit must
18 be marked with an exhibit label as contained in **Attachment 2.**

19      No party shall be permitted to call any witness or offer
20 any exhibit in its case in chief that is not disclosed at
21 pretrial, without leave of Court and for good cause.

22      Lead trial counsel for each party must meet and confer in
23 an effort to resolve all disputes regarding anticipated
24 testimony, witnesses and exhibits.  All motions <u>in limine</u> and
25 objections to witnesses or exhibits will be heard at the
26 pretrial conference.  Not less than ten days prior to the
27 pretrial conference, the parties must serve and file any
28 objections to witnesses or exhibits or to the qualifications

4

1  of an expert witness.  Motions in limine must be filed and
2  served not less than twenty days prior to the conference.
3  Oppositions must be filed and served not less than ten days
4  prior to the conference.  There shall be no replies.
5      Not less than twenty days prior to the pretrial
6  conference the parties must serve and file requested voir dire
7  questions, jury instructions, and forms of verdict.  The
8  following jury instructions from the *Manual of Model Civil*
9  *Jury Instructions for the Ninth Circuit* (1997 ed.) will be
10 given absent objection: 1.1-1.12, 2.1-2.2, 3.1-3.3, 3.5-3.8,
11 4.1-4.3.  Do not submit a copy of these instructions.  Counsel
12 must submit a joint set of case specific instructions.  Any
13 instructions on which the parties cannot agree may be
14 submitted separately.  The Ninth Circuit Manual should be used
15 where possible.  Each requested instruction must be typed in
16 full on a separate page with citations to the authority upon
17 which it is based.  Proposed jury instructions taken from the
18 Ninth Circuit Manual need only contain a citation to that
19 source.  Any modifications made to proposed instructions taken
20 from a manual of model instructions must be clearly indicated.
21 In addition, all proposed jury instructions should conform to
22 the format of the Example Jury Instruction attached to this
23 Order.  Not less than ten days prior to the pretrial
24 conference, the parties must serve and file any objections to
25 separately proposed jury instructions.
26     Jury instructions that the Court has given in prior cases
27 may be downloaded from the Northern District website at
28 **http:\\www.cand.uscourts.gov**.  (Instructions are located on

the "Judge Information" page for Magistrate Judge Zimmerman.) The Court will generally give the same instructions in cases involving similar claims unless a party establishes, with supporting authorities, that the instruction is no longer correct or that a different instruction should be given.

All proposed jury instructions, motions <u>in limine</u>, forms of verdict and trial briefs must be accompanied by a floppy diskette containing a copy of the document formatted in WordPerfect 6.1, 8, 9 or 10 (Windows) or WordPerfect 5.1 (DOS).

At the time of filing the original with the Clerk's Office, two copies of all documents (but only one copy of the exhibits) must be delivered directly to Chambers (Room 15-6688). Chambers' copies of all pretrial documents must be three-hole punched at the side, suitable for insertion into standard, three-ring binders.

Dated:  August 9, 2005

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\KINGVISION\CMC.ORD.wpd

**EXAMPLE PROPOSED JURY INSTRUCTION**
**For Chambers of Magistrate Judge Zimmerman**

A proposed jury instruction should contain the following elements in the following order: (1) the name of the party submitting the instruction; (2) the title of the instruction; (3) the text of the instruction; (4) the authority for the instruction; (5) blank boxes for the Court to note whether it gives the instruction, refuses to give it, or gives it as modified. The following proposed instruction contains these elements.

---

_____'s Proposed Instruction No. \_\_\_\_\_.
(Party)

[Title]

[Text]

[Authority]

\_\_\_\_\_  GIVEN      \_\_\_\_\_  REFUSED      \_\_\_\_\_  GIVEN AS MODIFIED

**ATTACHMENT 1**

The parties must file a joint pretrial conference statement containing the following information:

(1) **The Action.**

    (A)   Substance of the Action. A brief description of the substance of claims and defenses which remain to be decided.

    (B)   Relief Prayed. A detailed statement of each party's position on the relief claimed, particularly itemizing all elements of damages claimed as well as witnesses, documents or other evidentiary material to be presented concerning the amount of those damages.

(2) **The Factual Basis of the Action**.

    (A)   Undisputed Facts. A plain and concise statement of all relevant facts not reasonably disputable, as well as which facts parties will stipulate for incorporation into the trial record without the necessity of supporting testimony or exhibits.

    (B)   Disputed Factual Issues. A plain and concise statement of all disputed factual issues which remain to be decided.

    (C)   Agreed Statement. A statement assessing whether all or part of the action may be presented upon an agreed statement of facts.

    (D)   Stipulations. A statement of stipulations requested or proposed for pretrial or trial purposes.

(3) **Trial Preparation.**

A brief description of the efforts the parties have made to resolve disputes over anticipated testimony, exhibits and witnesses.

  (A) Witnesses to be Called. In lieu of FRCP 26(a)(3)(A), a list of all witnesses likely to be called at trial, other than solely for impeachment or rebuttal, together with a brief statement following each name describing the substance of the testimony to be given.

  (B) Estimate of Trial Time. An estimate of the number of court days needed for the presentation of each party's case, indicating possible reductions in time through proposed stipulations, agreed statements of facts, or expedited means of presenting testimony and exhibits.

  (C) Use of Discovery Responses. In lieu of FRCP 26(a)(3)(B), cite possible presentation at trial of evidence, other than solely for impeachment or rebuttal, through use of excerpts from depositions, from interrogatory answers, or from responses to requests for admission.  Counsel must state any objections to use of these materials and that counsel has conferred respecting such objections.

  (D) Further Discovery or Motions. A statement of all remaining motions, including motions in limine.

(4) **Trial Alternatives and Options.**

  (A) Settlement Discussion. A statement summarizing the status of settlement negotiations and indicating whether further negotiations are likely to be productive.

  (C) Amendments, Dismissals. A statement of requested or proposed amendments to pleadings or dismissals of parties, claims or defenses.

  (D) Bifurcation, Separate Trial of Issues. A statement of whether

9

```
                    bifurcation or a separate trial
                    of specific issues is feasible
                    and desired.
```

     (5) **Miscellaneous.**

   Any other subjects relevant to the trial of the action, or material to its just, speedy and inexpensive determination.

# ATTACHMENT 2

**USDC**
Case No. CV04-02504 BZ
**JOINT** Exhibit No. _____
Date Entered _____

Signature _____

**USDC**
Case No. CV04-02504 BZ
**JOINT** Exhibit No. _____
Date Entered _____

Signature _____

---

**USDC**
Case No. CV04-02504 BZ
**JOINT** Exhibit No. _____
Date Entered _____

Signature _____

**USDC**
Case No. CV04-02504 BZ
**JOINT** Exhibit No. _____
Date Entered _____

Signature _____

---

**USDC**
Case No. CV04-02504 BZ
**PLNTF** Exhibit No. _____
Date Entered _____

Signature _____

**USDC**
Case No. CV04-02504 BZ
**PLNTF** Exhibit No. _____
Date Entered _____

Signature _____

---

**USDC**
Case No. CV04-02504 BZ
**PLNTF** Exhibit No. _____
Date Entered _____

Signature _____

**USDC**
Case No. CV04-02504 BZ
**PLNTF** Exhibit No. _____
Date Entered _____

Signature _____

---

**USDC**
Case No. CV04-02504 BZ
**DEFT** Exhibit No. _____
Date Entered _____

Signature _____

**USDC**
Case No. CV04-02504 BZ
**DEFT** Exhibit No. _____
Date Entered _____

Signature _____

---

**USDC**
Case No. CV04-02504 BZ
**DEFT** Exhibit No. _____
Date Entered _____

Signature _____

**USDC**
Case No. CV04-02504 BZ
**DEFT** Exhibit No. _____
Date Entered _____

Signature _____