MARTIN B. GREENBAUM – CSB No. 45268
GREENBAUM & KATZ LLP
840 Newport Center Drive, Suite 720
Newport Beach, CA 92660
Tel: (949) 760-1400
Tel: (949) 760-1300

Attorneys for Plaintiff
KINGVISION PAY-PER-VIEW CORP., LTD.

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTICT OF CALIFORNIA

| | |
|---|---|
| KINGVISION PAY-PER-VIEW CORP., LTD., <br><br> Plaintiff, <br><br> vs. <br><br> BERNARD WILLIAMS, individually and dba AVENUE CLUB, <br><br> Defendant. | Case No.: C 04-02504 BZ ~~JSW~~ <br><br> JUDGE BERNARD ZIMMERMAN <br><br> STIPULATION TO SET MEDIATION DATE MORE THAN 60 DAYS FROM REFERRAL BY COURT AND ORDER THEREON |

IT IS HEREBY STIPULATED by and between Plaintiff KINGVISION PAY-PER-VIEW CORP, LTD., and Defendant, BERNARD WILLIAMS, individually and dba AVENUE CLUB, as follows:

Counsel for Plaintiff and Defendant stipulate to the following facts:

1. On August 16, 2005 the court ordered that the parties engage in court sponsored mediation (per ADR L.R. 6) and appointed Ben Hamburg, Esq. as mediator.

2. On September 14, 2005, the parties and the mediator held a pre-mediation telephone conference.

1

STIPULATION TO SET MEDIATION DATE MORE THAN 60
DAYS FROM REFERRAL BY COURT AND ORDER THEREON

3. After the conference, the parties agree that they desire to hold mediation on January 11, 2006 and that date has been cleared with the mediator.

4. This is not a big case by Federal court standards. The case involves claims of plaintiff that a closed circuit television broadcast of a prizefight was displayed without proper license. The parties have exchanged settlement positions but no settlement has yet been reached. In absolute dollars, the parties are not far apart and settlement prospects appear realistic with adequate time.

5. The parties are discussing a stipulation of uncontested facts. If the parties can agree on certain stipulations, there is a reasonable probability that settlement or successful mediation prospects will be enhanced.

6. The mediator has advised that the mediation program guidelines do not allow him to grant extensions or continuances and that a stipulation and subsequent court order allowing the mediation to be held in January, 2006 is necessary.

WHEREFORE, the parties hereby stipulate that the mediation in this case may be held on January 11, 2006 with the consent of the mediator and request that the court confirm the stipulation and order that the mediation may be held in January, 2006.

Dated: September 15, 2005          GREENBAUM & KATZ LLP

                                   By: _____
                                   MARTIN B. GREENBAUM
                                   Attorneys for Plaintiff,
                                   KINGVISION PAY-PER-VIEW CORP, LTD.

Dated: September 14, 2005          DIMITRIOU & ASSOCIATES

                                   By: _____
                                   ANDREW DIMITRIOU
                                   Attorneys for Defendant,
                                   BERNARD WILLIAMS, individually and
                                   dba AVENUE CLUB

2

STIPULATION TO SET MEDIATION DATE MORE THAN 60 DAYS FROM REFERRAL BY COURT AND ORDER THEREON

1  IT IS SO ORDERED:
2
3
4
5  Dated: September 20 2005
6
   HONORABLE BERNARD ZIMMERMAN
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

3

STIPULATION TO SET MEDIATION DATE MORE THAN 60
DAYS FROM REFERRAL BY COURT AND ORDER THEREON

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PROOF OF SERVICE
(Code Civ. Proc. §1013a(3), 2015.5 C.C.P.)

I am employed in the County of Orange, State of California. I am over the age of 18 years and not a party to the within action; my business address is: 840 Newport Center Drive, Suite 720, Newport Beach, California.

On September 14, 2005, I served on the interested parties in this action as follows the foregoing documents described as: STIPULATION TO SET MEDIATION DATE MORE THAN 60 DAYS FROM REFERRAL BY COURT AND ORDER THEREON

[X]  by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Andrew Dimitriou, Esq.
DIMITRIOU & ASSOCIATES
180 Montgomery Street, Suite 220
San Francisco, CA 94101

[X]  **BY FIRST CLASS MAIL:** I deposited such envelope in the mail at Newport Beach, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under practice, said correspondence is deposited with the United States postal Service on that same day with postage thereon fully prepaid at Newport Beach, California in the ordinary course of business; and there is delivery service by United States mail at the place so addressed.

I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit. Executed on September 14, 2005, in Newport Beach, California.

[ ]  **BY PERSONAL SERVICE:** I delivered such envelope by hand to counsel listed on the attached personal service list. Executed on September 14, 2005 at Newport Beach, California.

[ ]  **BY FAX SERVICE:** I faxed a true copy thereof as follows:

[ ]  (State): I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on September 14, 2005 in Newport Beach, California.

[X]  (Federal): I declare that I am employed in the office of a member of the bar of this court, at whose direction this service was made.

*Linda Glennon*
Linda Glennon